IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY CORDERO, )<br>)<br>  Plaintiff, )  Case No.:<br>)<br>       v. )<br>)<br>COOK COUNTY, and Cook County )<br>Deputy Antunez, and UNKNOWN AND )<br>UNNAMED COOK COUNTY )<br>DEPARTMENT OF CORRECTIONS )<br>EMPLOYEES, )<br>)<br>  Defendants. | |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1971 (42 U.S.C. Section 1983). This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned Plaintiff Anthony Cordero (Plaintiff) was and is a citizen of the United States of America and was within the jurisdiction of this court.

4. At all times herein mentioned an employee of the Cook County Department of Corrections currently known only as Deputy Antunez ("Antunez"), was employed by Cook County, and was acting under color of state law and as the employee, agent, or representative of the Sheriff of Cook County. This defendant is being sued in their individual capacity. When the full/correct name of this employee is ascertained, Plaintiff

1

will seek leave of Court to amend this complaint to properly allege his name and badge number.

5. At all times herein mentioned the unnamed and unknown Cook County Department of Corrections employees were employed by Cook County, and were acting under color of state law and as the employee, agent, or representative of the Sheriff of Cook County. These unknown and unnamed employees are being sued in their individual capacities. When the names of these employees are ascertained, Plaintiff will seek leave of Court to amend this complaint to add their names.

6. At all times Cook County was a political division of the State of Illinois, existing under the laws of the State of Illinois. At all relevant times, Cook County maintained, managed, and/or operated the Cook County Department of Corrections.

## FACTUAL ALLEGATIONS

7. On or about May 25, 2018, Plaintiff was a pre-trial detainee incarcerated inside the Cook County Jail.

8. On or about May 25, 2018, Antunez intentionally slammed a door on Plaintiff's hand/fingers and thereby intentionally caused a painful physical injury to Plaintiff that required medical treatment.

9. Plaintiff immediately requested medical attention, but Antunez rejected this request.

10. In the days that followed Plaintiff repeatedly made verbal requests to Antunez and unknown employees that he be provided with medical care for the physical injury caused by Antunez.

11. Antunez and unknown employees refused Plaintiff's verbal requests for medical attention for injury to his hand/fingers.

12. For multiple days Plaintiff was denied access to the forms necessary to submit a written request for medical care.

13. On or about May 27, 2018, Plaintiff was allowed to make a written request for medical attention.

14. Plaintiff did not receive any medical attention until May 29, 2018.

15. During his time at the Cook County Jail, Plaintiff continued to suffer pain and discomfort. Plaintiff is no longer incarcerated at Cook County Jail.

16. At all times mentioned above, Antunez and unknown Defendants knew of Plaintiff's injury pain and discomfort.

17. Antunez and unknown Defendants were deliberately indifferent to Plaintiff's injury and pain.

18. By reason of the acts and omissions of Antunez and unknown Defendants, Plaintiff sustained injuries, including but not limited to, physical injury, special damages, emotional harm including humiliation and indignities, and has generally suffered physical, mental and emotional pain caused by the acts of Defendants.

## COUNT I

### PLAINTIFF AGAINST DEFENDANT ANTUNEZ
### FOR USE OF UNREASONABLE FORCE

19. Plaintiff hereby incorporates and re-alleges paragraphs one through eighteen (18).

20. Antunez intentionally slammed a door on Plaintiff's hand/fingers with the intent to cause physical injury to Plaintiff.

21. Antunez caused physical injury to Plaintiff.

22. There was no reasonable or lawful reason for Antunez to slam a door on Plaintiff's hand/fingers.

23. Antunez's act of intentionally causing physical injury to Plaintiff without a reasonable or lawful reason was a violation of Plaintiff's rights under the Fourth and/or Fourteenth Amendment to the U.S. Constitution. Therefore, Antunez is liable to Plaintiff pursuant to 42 U.S.C. Section 1983.

## COUNT II

### PLAINTIFF AGAINST ANTUNEZ AND UNKNOWN DEFENDANTS FOR THE DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS

24. Plaintiff hereby incorporates and re-alleges paragraphs one through eighteen (18).

25. Antunez and unknown Defendants knew that Plaintiff had a serious medical condition requiring immediate medical care while he was incarcerated at Cook County Jail.

26. Antunez and unknown Defendants acted with deliberate indifference in failing to obtain and provide medical care for Plaintiff despite the obvious need for it.

27. Antunez and unknown Defendants caused and/or participated in the lack of reasonably prompt and continued medical treatment which exacerbated the nature of Plaintiff's injury, medical condition, healing process, and pain and suffering.

28  The actions and conduct of Antunez and unknown Defendants were the proximate cause of the constitutional violations, and Plaintiff's injuries, including his pain and emotional distress.

29. The acts and omissions of Antunez and unknown Defendants violated Plaintiff's rights under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. Section 1983.

## COUNT III

## PLAINTIFF AGAINST COOK COUNTY FOR INDEMNIFICATION

30. Plaintiff hereby incorporates and re-alleges paragraphs one through eighteen (18) as though fully alleged at this place.

31. Pursuant to 745 ILCS 10/9-102, 55 ILCS 5/4 – 6003, and 55 ILCS 5/5 – 1106, Cook County is empowered and directed to pay any judgment for compensatory damage for which an independently elected Cook County officer, such as the Cook County employees, acting within the scope of his/her employment is found liable.

32. The acts and/or omissions of the Defendants were committed within the scope of their employment.

33. In the event that a judgment for compensatory damages is entered against the Defendants, Cook County must pay the judgment.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, LTD., requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants other than Cook County be required to pay punitive and exemplary damages in a sum to be ascertained.

4. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

5. That Plaintiff has such other and further relief as this Court may deem just and proper.

BY: s/Garrett Browne

Attorneys for Plaintiff
ED FOX & ASSOCIATES, LTD.
300 W Adams, Suite 330
Chicago, IL 60606
(312) 345-8877
gbrowne@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/Garrett Browne

Attorneys for Plaintiff
ED FOX & ASSOCIATES, LTD.
300 W Adams, Suite 330
Chicago, IL 60606
(312) 345-8877
gbrowne@efoxlaw.com